# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION



| | |
|---|---|
| LARISSA HARRINGTON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 04 C 5991 |
| | ) Judge Joan H. Lefkow |
| OFFICER DAVID HEAVEY, et al., INDIVIDUALLY AND AS A POLICE OFFICER FOR THE CITY OF WAUKEGAN, | ) |
| and | ) |
| THE CITY OF WAUKEGAN, a municipal corporation, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Larissa Harrington ("Harrington"), filed a five-count first amended complaint ("the complaint") against defendants, Officer David A. Heavey ("Officer Heavey"), various unknown officers of the City of Waukegan in their individual and official capacities, and the City of Waukegan ("the City") (collectively, "defendants"), alleging pursuant to 42 U.S.C. §§ 1983 and 1988 that defendants violated her Fourth and Fourteenth Amendment rights by seizing and impounding her automobile. Presently before the court is the City's motion to dismiss Harrington's complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., for lack of subject matter jurisdiction and Officer Heavey's motion for summary judgment. For the reasons stated below,

the City's motion is denied and Officer Heavey's motion is granted in part and denied in part.[1]

## UNDISPUTED MATERIAL FACTS

On September 16, 2003, Officer Heavey stopped a vehicle driven by Jeffrey Harrington, Harrington's son, for the offense of speeding. During the course of the traffic stop, Officer Heavey learned that Jeffrey Harrington's license had been expired for approximately three months and therefore, Jeffrey Harrington was in violation of Section 6-101 of the Illinois Vehicle Code for driving without a valid license. Officer Heavey issued two citations to Jeffrey Harrington, one for speeding sixteen miles an hour over the posted speed limit and the other for driving without a valid driver's license. Officer Heavey also seized the vehicle being operated by Jeffrey Harrington pursuant to the City's vehicle seizure ordinance ("the seizure ordinance"), § 15-45.2 of the Municipal Code of the City of Waukegan, which mandates the seizure of vehicles driven by persons not possessing a valid driver's license.

After being stopped by Officer Heavey, Jeffrey Harrington telephoned Harrington and requested her presence at the scene. Upon her arrival, Harrington presented Officer Heavey with her driver's license and proof of valid insurance and requested that Officer Heavey release the

---

[1] Officer Heavey's motion and Harrington's response thereto fails to comply with this district's Local Rule 56.1. Local Rule 56.1(a) provides that a motion for summary judgment must include, *inter alia*, a "statement of material facts as to which the moving party contends there is no genuine issue that entitle the moving party to a judgment as a matter of law." This statement of material facts "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." Part (b) of Local Rule 56.1 requires a party opposing summary judgment to file, *inter alia*, a concise response to the movant's statement of material facts. In this case, both Officer Heavey and Harrington have failed to file any statement of material facts whatsoever, which, alone, is a basis for denying Officer Heavey's motion. *Murray v. Avon Products, Inc.*, 2004 WL 2921867, *4 (N.D. Ill. Dec. 16, 2004) (*pro se* plaintiff's motion for summary judgment denied where *pro se* plaintiff failed to file statement of facts); *Reynolds v. Claridge Hotel, Inc.*, 2003 WL 22299026, *1 (N.D Ill. Oct. 6 2003) (summary judgment denied for failure to file statement of facts). Since, however, this is the rare case in which the undisputed material facts have been sufficiently identified despite the parties' non-compliance with Local Rule 56.1, the court elects to reach the merits of Officer Heavey's motion.

2

vehicle into her custody. Officer Heavey refused, and Harrington's vehicle was towed. Later that evening, Harrington regained custody of the vehicle after paying the City's $500 administrative seizure fee and towing charges.

On September 15, 2004, Harrington filed a first amended complaint alleging that the impoundment of her vehicle constituted an unreasonable seizure in violation of the Fourth Amendment and the seizure ordinance's lack of pre- and inadequate post-towing hearing procedures deprived her of her Fourteenth Amendment due process rights. Harrington's complaint sought "$600,000 in punitive damages," "reasonable attorney fees and costs," "costs associated with the suit and such other relief as the Court deems just and proper," "compensatory damages," and "such other and further relief as this Court may deem appropriate."

On February 21, 2006, the City adopted an amendment to the seizure ordinance prohibiting seizure of vehicles operated by unlicensed drivers where the operator's driver's license has been expired for less than six months.

## MOTION TO DISMISS

Rule 12(b)(1), Fed. R. Civ. P., provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) *(en banc)*. If subject matter jurisdiction is not evident from the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss and assumes for purposes of the motion that the allegations in the complaint are true. Where, as here, however, the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may

use affidavits and other materials to support the motion. The burden of proof on the Rule 12(b)(1) issue is on the party asserting jurisdiction. *Id.*

In its motion, the City argues that the court lacks subject matter jurisdiction because there ceased to be a case or controversy once it amended the seizure ordinance and tendered a check to Harrington in the amount of $800, which represents the full amount of damages Harrington affirmed in her answers to interrogatories that she sought.

Under Article III of the United States Constitution, federal courts have jurisdiction over live cases and controversies. A case becomes moot, however, "when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994). An offer of judgment pursuant to Rule 68, Fed. R. Civ. P., may deprive a party of his personal stake: "Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." *Rand v. Monsanto*, 926 F.2d 596, 598 (7th Cir. 1991).

In this case, there is no question that the City has remitted to Harrington compensation for all of the actual damages to which she claims to be entitled; indeed, Harrington does not deny receiving the City's check nor that she claimed $800 in actual damages in her answers to the City's interrogatories, nor argue that her answer was incorrect. But there is also no question that the City has not offered to satisfy Harrington's entire demand: Harrington's complaint seeks attorneys's fees and costs, punitive damages, and "such other and further relief as this Court may deem appropriate," which Harrington contends should be construed as a request for declaratory

4

and injunctive relief.[2]

Ordinarily, a case is not moot where the defendant fails to offer the plaintiff all the relief sought by her complaint. *See e.g. Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321 (S.D.N.Y. 2001) (holding that Rule 68 offer omitting attorney's fees and costs "did not constitute more than [the plaintiff] could have received under the statute" and thus did not render plaintiff's claim moot). Here, however, the City contends its offer is sufficient because Harrington is not entitled to any of the additional relief sought in her complaint.

That determination cannot be made, though, without addressing the merits of Harrington's claims. For instance, Harrington is entitled to attorneys' fees and costs if she is a "prevailing party" under 42 U.S.C. § 1988, which authorizes recovery of reasonable attorneys' fees in 42 U.S.C. § 1983 cases. In the Seventh Circuit, a "prevailing party" only includes those parties who have obtained a favorable "judicially sanctioned change" in the legal relationship of the parties. *See Federation of Advertising Industry Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 932 (7th Cir. 2003) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Services*, 532 U.S. 598, 600-01, 121 S. Ct. 1835, 149 L. Ed. 2d. 855 (2001) (where plaintiff had not obtained an enforceable judgment on the merits, a court-ordered consent decree, or anything else that might be classified as "some other relief by the court," it was not a prevailing party). Thus, Harrington cannot recover attorneys' fees even if it is assumed that the City voluntarily changed its conduct in response to her law suit; instead, Harrington must succeed on some aspect of the merits of her claims. *See id.* Accordingly, the court must pass on

---

[2] Harrington attempted to avail herself of the class action exception to the mootness doctrine by asserting in her response to the City's motion that she intended to file a motion for class certification by July 20, 2006. Harrington has since, however, failed to move for class certification, and thus, this exception does not apply.

5

the constitutionality of the seizure ordinance before it can evaluate the sufficiency of the City's offer.

Similarly, under the mootness doctrine, "a superseding statute or regulation moots a case only to the extent that it removes challenged features of the prior law." *Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1310 (11th Cir. 2000) (citations and quotations omitted). In this case, the superseding ordinance alters one but not other challenged features of the seizure ordinance. Obviously, the only way to determine whether that single alteration cures the alleged constitutional defects (and thus renders the case moot) is to evaluate the challenged features of the seizure ordinance and to identify the actual constitutional defect. But once that inquiry has been completed, the issue of mootness is itself moot. Accordingly, the City's motion is denied.

## MOTION FOR SUMMARY JUDGMENT

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether any genuine fact exists, the court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed R. Civ. P. 56(c) Advisory Committee's notes. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on bare pleadings alone but must use the evidentiary tools listed above to designate specific material facts showing that there is a genuine issue for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). A

material fact must be outcome determinative under the governing law. *Insolia*, 216 F.3d at 598-99. Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the court must construe all facts in a light most favorable to the non-moving party as well as view all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Officer Heavey moves for summary judgment on the basis of qualified immunity, arguing that his seizure of Harrington's vehicle did not violate a clearly established right. In assessing his affirmative defense, both Officer Heavey and Harrington focus exclusively on whether the seizure ordinance's pre- and post-tow hearing procedures violated a clearly established right. In effect, then, the parties treat Officer Heavey's motion as if Harrington had only alleged a Fourteenth Amendment due process violation. That is incorrect, as Harrington's complaint also states a claim under the Fourth Amendment. Accordingly, in order for Officer Heavey to be shielded from civil damages in this suit, his conduct must not violate clearly established rights guaranteed by either amendment. Since the parties have not identified a case in which a court has addressed what process is due in circumstances similar to those present in this case, the court finds it more efficient to begin by analyzing Officer Heavey's conduct according to the strictures of the Fourth Amendment, which are well-defined and well-settled in the Seventh Circuit. As will be explained below, that analysis proves sufficient to resolve Officer Heavey's motion.

In order to succeed on her 42 U.S.C. § 1983 claims against Officer Heavey, Harrington bears the burden of establishing that Officer Heavey did not enjoy qualified immunity. The defense of qualified immunity protects "government officials from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). The rule of qualified immunity "provides ample support to all but the plainly incompetent or those who knowingly violate the law." *Burns v. Reed*, 500 U.S. 478, 494-95, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (citations omitted). "Therefore, regardless of whether the constitutional violation occurred, the [official] should prevail if the right asserted by the plaintiff was not 'clearly established' or the [official] could have reasonably believed that his particular conduct was lawful." *Romero v. Kitsap County*, 931 F.2d 624, 627 (9th Cir. 1991).

In *Saucier v. Katz*, 533 U.S. 194, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001), the Supreme Court set forth a two-part, sequential test for assessing claims of qualified immunity. First, taking the facts in the light most favorable to the plaintiff, the court must decide whether the plaintiff adequately alleges a violation of a constitutional right. If not, plaintiff's claim fails. If so, however, the court must then decide "whether the right was clearly established." *Id.* at 201. For a right to be "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987). "[T]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Id.* (citations omitted).

The Fourth Amendment requires any seizure by the government, including the impoundment of a vehicle, to be reasonable under any circumstances. *United States v. Duguay*,

93 F.3d 346, 351 (7th Cir. 1996). An impoundment by the police is reasonable if it is supported by probable cause, or if it is in furtherance of "public safety" or "community caretaking functions," such as removing "disabled or damaged vehicles," and "automobiles which violate parking ordinances, and which thereby jeopardize both the public safety and the efficient movement of vehicular traffic." *Id.* (citing *South Dakota v. Opperman*, 428 U.S. 364, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976)). "An impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005).

In this case, the only rationale Officer Heavey has articulated for impounding Harrington's vehicle is that it was being operated by an unlicensed driver in violation of the seizure ordinance. But the decision to impound pursuant to the seizure ordinance does not, in and of itself, determine the reasonableness of the seizure. Instead, reliance on and reference to the seizure ordinance merely raises the relevant legal question of whether the City's mandatory impoundment policy serves the police's community caretaking function such that impoundments under that policy are reasonable under the Fourth Amendment.

The Seventh Circuit's decision in *United States v. Duguay*, 93 F.3d 346, 353 (7th Cir. 1996), indicates that it does not. There, the Seventh Circuit held that the automatic impoundment of every vehicle upon the arrest of its owner, regardless of whether another person could have removed the car, is unreasonable. 93 F.3d at 353. The Seventh Circuit reasoned that no community caretaking interest could be served where another person was present to remove the vehicle and eliminate any potential traffic congestion, parking violation, or road hazard. *Id.*

9

("[I]f the purpose of the impoundment is not investigative, and in the absence of probable cause, we do not see what purpose denying possession of the car to a passenger, a girlfriend, or a family member could serve."). *See also United States v. Pappas*, 735 F.2d 1232, 1234 (10th Cir. 1984) (finding unconstitutional police department policy requiring impoundment of any vehicle whenever an arrest takes place, regardless of circumstances). In this case, the seizure ordinance similarly deprives the City's officers from considering alternatives to impoundment and thus, from determining whether community caretaking interests justify impoundment in a particular instance. As a consequence, the seizure ordinance is unconstitutional.

Even if the impoundment policy was discretionary, impoundment of Harrington's vehicle under the facts of this case constitutes an unreasonable seizure in violation of the Fourth Amendment. Harrington's vehicle was impounded despite the fact that she was the owner of the vehicle, presented proof of a valid driver's license, and was prepared to remove the vehicle from the street. There is no suggestion that Harrington was impaired or otherwise incapable of lawfully operating the vehicle. Under those circumstances, there was no community caretaking interest served by impoundment that could not have been addressed by permitting Harrington to remove the vehicle herself. *See Miranda*, 429 F.3d at 866 ("An officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to the drivers.").[3]

---

[3] While Officer Heavey has not justified his decision to impound Harrington's vehicle on this basis, the court notes that the seizure ordinance states that one purpose of the mandatory impoundment policy is "to make vehicle owners responsible for lending their vehicles to others who would" drive without a valid driver's license. Deterring future illegal activity is not a community caretaking function. The community caretaking doctrine merely authorizes police to act as the caretaker of the streets, impounding vehicles that either pose a danger to the public or impede the free flow of traffic. As such, deterrence is not a justification for impoundment under that doctrine. *See Miranda*, 429 F.3d at 866 ("The need to deter a driver's unlawful conduct is by itself insufficient to justify a tow under the 'caretaker' rationale.").

At the time of the impoundment of Harrington's vehicle, *Duguay* had been decided for more than five years. Accordingly, the requirement that a government official refrain from impounding a vehicle unless doing so would serve a legitimate community caretaking interest was sufficiently clear that a reasonable official would understand that that requirement would be violated by impounding a vehicle operated by an unlicensed driver when another person who was licensed and insured was available to remove the vehicle. As a result, Officer Heavey is not entitled to qualified immunity, and his motion is therefore denied.

The finding that the seizure ordinance and Officer Heavey's enforcement thereof violated Harrington's Fourth Amendment rights necessitates entry of judgment in her favor against the City and Officer Heavey even though the case is presently before the court on Officer Heavey's motion for summary judgment. Moreover, as a result, the City must be enjoined from enforcing the amended seizure ordinance, since it leaves undisturbed the seizure ordinance's mandatory impoundment policy. The court recognizes that the amended seizure ordinance was not specifically before the court, but exempting it from the full force and effect of the court's opinion would permit the City to evade judicial review merely by amending an unchallenged and insignificant provision of the ordinance once it became the subject of a law suit. That, of course, cannot be the law.

Having found that the towing of Harrington's vehicle was improper, she is entitled to compensatory damages. Further litigation with respect to that issue is unnecessary, as Harrington stated in her answers to the City's interrogatories that she sought $800 in actual damages, and the City has tendered a check to her in that amount.

Harrington is also entitled to recover reasonable attorneys' fees and costs. Prevailing parties in litigation under 42 U.S.C. § 1983 are entitled to recover reasonable attorneys' fees under 42 U.S.C. § 1988 and costs under 28 U.S.C. § 1920. A plaintiff qualifies as a prevailing party if they succeeded on a significant litigation issue that achieved some of the benefit sought by the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 443, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). A party need not prevail on all issues, but must prevail on at least some aspect of the merits of her civil rights claim. *City of Riverside v. Rivera*, 477 U.S. 561, 570, 106 S. Ct. 2686, 91 L. Ed. 2d 466 (1986). Since the court has found both the City and Officer Heavey liable for violating Harrington's Fourth Amendment rights, she is clearly the prevailing party in this case. Accordingly, Harrington is directed to file a motion consistent with Rule 54, Fed. R. Civ. P., and this court's Local Rule 54.3 detailing her reasonable costs and attorneys' fees.

Harrington is not, however, entitled to recover punitive damages from Officer Heavey.[4] Punitive damages are recoverable in a 42 U.S.C. § 1983 suit "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) (quoting *Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)). Here, there is no evidence to support an inference of intentional wrongdoing on the part of Officer Heavey in the enforcement of the seizure ordinance. The issue of punitive damages was clearly presented in Officer Heavey's motion for summary judgment, and thus, it was incumbent on Harrington to come forward with something more than mere allegations. She has

---

[4] The court previously found that punitive damages are not recoverable against municipalities and struck Harrington's request for punitive damages from the City. *See* June 21, 2005 Order, Docket # 10.

12

failed to do so, and as a consequence, Officer Heavey's motion for summary judgment on this issue is granted.

Finally, the court notes that there is no basis to consider the merits of Harrington's Fourteenth Amendment claim. The court has already ruled on Harrington's request for compensatory and punitive damages, as well as her request for attorneys' fees and costs. As such, even if she were to prevail on the Fourteenth Amendment claim, Harrington would be entitled to no further relief. Harrington may have an interest in receiving a determination on the merits of her claim for the precedential value of the court's opinion, however slight it may be, but such an interest is an inadequate justification for this court to pass on a question of constitutional law. As the Seventh Circuit has stated:

> "The expression of judicial views is a byproduct of the need to decide the case. A discussion of constitutional law is a means to resolve a real dispute between the parties, to be avoided unless essential to that end. No matter how desirable it may be to have a constitutional question settled, the resolution must await the concrete controversy, for only then does the judge have an adequate justification for giving an opinion."

*Alliance to End Repression* v. *City of Chicago*, 820 F.2d 873, 876 (7th Cir. 1987). Here, because no relief would turn on the court's resolution of Harrington's Fourteenth Amendment claim, any opinion would be merely advisory. Accordingly, the court leaves it to a future court to address the constitutionality of the seizure ordinance's hearing procedures.

## ORDER

For the reasons stated above, the court denies the City's motion to dismiss [# 29] and denies in part and grants in part Officer Heavey's motion for summary judgment [# 30]. Status hearing is set for November 30, 2006 at 9:30 a.m. to set schedule for disposition of fee award. Parties are to prepare a judgment order, agreed to in form, for presentment at the status hearing on November 30, 2006.

DATED: November 16, 2006          ENTER: _____
                                         JOAN HUMPHREY LEFKOW
                                         United States District Judge