UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARISSA HARRINGTON, | ) |
| Plaintiff, | ) |
| | ) No. 04 C 5991 |
| vs. | ) |
| | ) Judge Joan H. Lefkow |
| OFFICER DAVID HEAVEY, et al., INDIVIDUALLY AND AS A POLICE OFFICER FOR THE CITY OF WAUKEGAN, | ) |
| and | ) |
| THE CITY OF WAUKEGAN, a municipal corporation, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On November 16, 2006, this court entered summary judgment in favor of plaintiff Larissa Harrington ("Harrington") against the City of Waukegan ("the City") and Officer David Heavey ("Officer Heavey"), finding portions of § 15-45.2 of the Municipal Code of the City of Waukegan ("the seizure ordinance") to be unconstitutional under the Fourth Amendment. The court then entered a Final Judgment Order, permanently enjoining the City from enforcing certain portions of the seizure ordinance. The City has since filed its Notice of Appeal of that Order, including the injunction, to the Seventh Circuit.[1] Before this court is the City's motion to

---

[1] Harrington asserts in her response to the City's motion to stay that the City's appeal was filed prematurely because "[b]oth Waukegan and the Plaintiff have filed post-trial motions in [this Court]." Neither post-trial motion filed by the parties in this case extends the time for filing an appeal. See Fed. R. App. P. 4(a)(4). As such, the time to file an appeal began to run from the date of entry of the court's final judgment. Even if the parties' post-trial motions re-set the time to file an appeal, the City's notice of appeal became effective on December 20, the date the court disposed of the last remaining post-trial motion. Either way, the City's appeal was not premature.

stay the injunction pending appeal. For the reasons stated below, the City's motion is granted.

## DISCUSSION

Federal Rule of Civil Procedure 62(c) provides a district court discretion to suspend, grant, modify, or restore injunctions during the pendency of an appeal, upon such terms as it considers proper. *See* Fed. R. Civ. P. 62(c). In assessing whether a stay is warranted, district courts examine whether the party seeking a stay has demonstrated (1) a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

### A. Likelihood of Success on the Merits

A party seeking a stay of the entry of an injunction pending an appeal need not show that it has a "probability" of success on appeal in order to demonstrate a likelihood of success on the merits. The "likelihood of success" standard requires something less than a 50% chance of success. *Thomas v. City of Evanston*, 636 F.3d 587, 590 (N.D. Ill. 1986). It is sufficient that a party demonstrate that it has a substantial case on the merits.[2] *Id.*

The court found that the City did not offer to satisfy Harrington's entire demand because, among other things, it failed to offer to reimburse Harrington for her attorney's fees and costs, which she specifically sought in her complaint. As a consequence, the court found that there

---

[2]The City first contends that the court incorrectly regarded its offer as a Rule 68 offer of judgment, instead of as an offer of restitution, which then led the court to analyze the sufficiency of its offer under a heightened standard. The court need not decide which characterization of the City's offer is proper, nor whether it matters. Because the court now finds that even if the City's offer is analyzed under the arguably heightened standard applicable to offers of judgment, it is clear that its offer was sufficient to render this case moot.

2

remained a live case or controversy regarding Harrington's entitlement to attorney's fees and costs, which was sufficient to give the court subject matter jurisdiction over the case. The court reached that conclusion without giving the parties an opportunity to address whether a claim for attorney's fees and costs, standing alone, prevented a case from being dismissed as moot. That now appears to have been a mistake, as the cases cited by the City in support of its present motion, *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (Plaintiff's interest in prevailing party attorney's fees is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim),and *Flesch v. Eastern Pennsylvania Psychiatric Institute*, 472 F. Supp. 798, 802 (E.D. Pa. 1979) ("A litigant's desire to obtain a fee award at the conclusion of a case cannot keep the case in federal court after it has become moot in all other respects."), more than strongly suggest that, contrary to the case relied on by the court in its previous decision, *Wilner v. OSI Collection Services, Inc.*, 201 F.R.D. 321 (S.D.N.Y. 2001), a claim for attorney's fees and costs is insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim. The court's own research only reinforces that impression. *See Liu, M.D. v. Immigration and Naturalization Service*, 274 F.3d 533, 536 (D.C. Cir. 2001) ("[T]he mere fact that continued adjudication would provide a remedy for an injury that is only the byproduct of the suit itself does not mean that any injury is cognizable under Art. III.") (quoting *Diamond v. Charles*, 476 U.S. 54, 70-71, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986)); 1A C.J.S. Actions § 76 ("Generally, a moot action will not be retained for determination merely to decide incidental questions such as liability for costs or attorney's fees.") (citing cases). Accordingly, the court finds that the City is likely to prevail on appeal on its claim that the court erred when it concluded that Harrington's case against the City was not

moot because of her potential entitlement to attorney's fees and costs under 42 U.S.C. § 1988.

The City is also likely to prevail on appeal on its claim that the court improperly referenced Harrington's claim for equitable relief as a possible basis for rejecting the City's mootness argument. In order to satisfy the jurisdictional prerequisite of standing to bring a claim for injunctive or declaratory relief, a plaintiff must show a "real likelihood" or an "immediate threat" that she again will be subject to the same alleged wrongful conduct. *Knox v. McGinnis*, 998 F.2d 1405, 1413-14 (7th Cir. 1993). When considering the likelihood that the plaintiff will suffer future harm from the defendants' alleged practice of wrongful conduct, courts "must assume that [the plaintiff] will conduct their activities within the law and so avoid ... exposure to the challenged course of conduct said to be followed by the defendants." *O'Shea*, 414 U.S. at 497. In this case, it is clear that Harrington lacks standing to assert a claim for equitable relief because she cannot show that it is reasonably likely that her car will again be impounded pursuant to the seizure ordinance. Since the court must assume that Harrington will neither operate nor permit others to operate her vehicle without a valid driver's license, the possibility that she will again be subject to the seizure ordinance is speculative.[3]

In light of the foregoing, as the City originally argued, Harrington's case became moot upon the City's payment of all the actual damages Harrington affirmed in her answers to the

---

[3]For the same reasons, the "capable of repetition yet evading review" exception to the mootness doctrine invoked by the parties is inapplicable in this case. That exception requires a showing that there is a reasonable expectation that the same complaining party would be subjected to the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S. Ct. 1181, 1183 (1982) (per curiam). Since the possibility that Harrington will again be subject to the seizure ordinance is speculative, the exception does not apply.

4

City's interrogatories that she sought.[4] Thus, this court's decision reaching the merits of this dispute and enjoining the City's enforcement of the seizure ordinance is likely to be reversed on appeal.[5]

B.      **The Irreparable Harm To The City If The Stay Is Denied**

Under the circumstances of this case, the court's finding that it likely improperly enjoined enforcement of the seizure ordinance is *per se* evidence of irreparable harm to the City if the stay is denied. *See Flower Cab Co. v. Petitte*, 685 F.2d 192, 194 (7th Cir. 1982) ("Since a probably baseless federal injunction interfering with the operation of municipal government is a serious affront to the theory and practice of federalism, we conclude that the preliminary injunction granted by the district court pending appeal should be stayed without requiring the city to demonstrate irreparable injury beyond what is inherent in an injunction that prevents its officials from carrying out what they conceive to be their duties.").

C.      **The Irreparable Harm To Harrington If The Stay Is Granted**

There is no basis to find that a stay will harm Harrington, because she could only be harmed by a stay of the injunction if her car were again impounded pursuant to the seizure

---

[4] In its decision entering summary judgment in favor of Harrington, the court summarily dismissed Harrington's claim of punitive damages against Officer Heavey, finding that there was no evidence in the record that Officer Heavey did anything other than what he believed he was required to do under the seizure ordinance. *See Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir. 1983) (Punitive damages are recoverable in a 42 U.S.C. § 1983 suit against an officer in his individual capacity "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."). Thus, as with the City, only Harrington's claim for attorney's fees and costs against Officer Heavey survived the City's offer. Accordingly, though Officer Heavey did not expressly join the City's request for a stay, the court finds that it also improperly reached the merits of Harrington's case against Officer Heavey.

[5] Having found that the Seventh Circuit is likely to conclude that this court should not have reached the merits of this case, this court need not review its decision on the merits finding that the seizure ordinance violates the Fourth Amendment.

5

ordinance. Since the court must assume that Harrington will act lawfully, See *O'Shea*, 414 U.S. at 497, there is no basis to assume that Harrington will again be subject to the seizure ordinance. Accordingly, the balance of harms clearly weighs in favor of granting the stay.

D.     **Whether The Stay Will Serve The Public Interest**

Since this court likely mistakenly reached the merits of this case, it would be inappropriate for this court to consider its decision finding the seizure ordinance unconstitutional in evaluating whether a stay of its injunction would serve the public interest. With the legality of the seizure ordinance removed from consideration, only the City's and its elected officials' assessment of the seizure ordinance is before the court.[6] Time and again, in the original enactment and later amendment of the seizure ordinance, as well as in support of the present motion, the City has made clear that it believes the seizure ordinance is an important tool in reducing traffic offenses and accidents. Those findings, which are not unreasonable on their face, are entitled to substantial deference from this court. See *Sutton Jr.* v. *City of Milwaukee*, 672 F.2d at 646 ("State and municipal traffic officials, who know much more about these matters than federal judges do, have decided that towing is more effective in dealing with parking violations of all kinds than just jacking up the fines further would be, and we cannot say that this judgment is not a reasonable one."). Accordingly, based on the facts before the court, the stay would serve the public interest.

In sum, the City has demonstrated that it has a reasonable likelihood of success on the

---

[6] In her opposition to the City's motion, Harrington argues that the stay would harm the public interest, because the seizure ordinance was enacted "to fill the city 'coffers' to the tune of $2 million ... from a socio-economic group who can least afford the $800 or so or afford to lose their automobiles." Since there is no factual basis in the record supporting these assertions, however, they are entitled to little, if any, consideration in weighing the public's interests.

6

merits of its appeal, that the balance of harms weighs heavily in its favor, and that the public interest will be served by granting the requested stay. As a consequence, the court grants the City's motion.

## ORDER

The City's motion for stay pending appeal [# 59] is granted. Accordingly, the injunction entered by the court on December 4, 2006, Docket # 52, enjoining the City of Waukegan and Officer Heavey from enforcing the Municipal Code of the City of Waukegan § 15-45.2 insofar as it authorizes them to impound a vehicle operated by an unlicensed driver in situations where impoundment is unnecessary to protect the vehicle, to avoid a danger to the public, to remove an obstruction to the free-flow of traffic, or to serve any other community caretaking interest is hereby stayed pending appeal.

Date: January 23, 2007         Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge