# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LARISSA HARRINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 5991 |
| vs. | ) |
| | ) Judge Joan H. Lefkow |
| OFFICER DAVID HEAVEY, et al., | ) |
| INDIVIDUALLY AND AS A POLICE | ) |
| OFFICER FOR THE CITY OF | ) |
| WAUKEGAN, | ) |
| | ) |
| and | ) |
| | ) |
| THE CITY OF WAUKEGAN, a municipal | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On November 16, 2006, this court entered summary judgment in favor of plaintiff Larissa Harrington ("Harrington") against the City of Waukegan ("the City") and Officer David Heavey ("Officer Heavey"), finding § 15-45.2(b)(5)(6) of the Municipal Code of the City of Waukegan ("the ordinance") to be unconstitutional under the Fourth Amendment. The court then entered a Final Judgment Order, permanently enjoining the City from enforcing the ordinance. The City filed a notice of appeal. Thereafter, the City filed a motion before this court to stay the injunction pending appeal. On January 23, 2007, this court granted that motion, concluding that in light of newly cited authorities, it had likely wrongly decided that the case was not moot and thus should not have reached the merits. On the basis of that acknowledgment, the City moved pursuant to Rule 60(b)(1) and (6), Fed. R. Civ. P., to vacate the Final Judgment Order. The court denied the

1

City's motion on February 1, 2007, ruling that grounds had not been shown under either subsection of Rule 60 to vacate the Final Judgment Order and the City had offered no justification for its failure to file a timely motion under Rule 59(e), the proper vehicle to alter or amend a judgment. On February 5, 2007, the City filed in the court of appeals a motion to remand pursuant to Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit. According to the City, in its motion to remand it argued that under the unusual facts of this case, this court retained jurisdiction pursuant to Rule 60(b), Fed. R. Civ. P., to vacate the Final Judgment Order. On March 15, 2007, the Seventh Circuit granted the City's motion without discussion, thereby remanding the case back to this court. Thereafter, the City renewed its motion to vacate the Final Judgment Order, which is fully briefed and ready for ruling. For the reasons stated below, the City's motion is granted.[1]

## DISCUSSION

As indicated in its January 23, 2007 Memorandum Opinion and Order granting a stay, this court opined that it had likely erred when it concluded that Harrington's case against the City was not moot because of her potential entitlement to attorney's fees under 42 U.S.C. § 1988 and her claim for equitable relief. Harrington does not specifically challenge that conclusion but contends, nevertheless, that her case is not moot because the City's tender of $800 "did not include filing fees or other costs and the tender was, therefore, insufficient." Harrington cites

---

[1] The City asserts that the issue of this court's jurisdiction to vacate the Final Judgment Order under Rule 60(b) was resolved by the Seventh Circuit's order granting the City's motion to remand. Though the Seventh Circuit's order remanding the case back to this court is devoid of discussion, this court agrees that the Seventh Circuit's decision constitutes an implicit acknowledgement that the circumstances surrounding the City's invocation of Rule 60(b)(6) are extraordinary and thus a proper basis for granting relief under that rule. As such, the court finds that it has the authority to vacate the Final Judgment Order.

2

*Gates* v. *Towery*, 430 F.3d 429 (7th Cir. 2005), in support of her position that a defendant's tender of compensation that does not include filing fees and other court costs is incomplete and thus insufficient to render a plaintiff's claims moot.

In *Gates*, the Seventh Circuit determined that a putative class action was not mooted by the defendant city's tendering to the two named plaintiffs the money that had been seized by the city police when the plaintiffs were arrested because the city's tender did not include the complete relief sought by the plaintiffs, including costs, interest, nominal damages and compensatory damages. The City concedes that the court in *Gates* stated that "[a] tender is insufficient unless it makes the plaintiff whole and thus must include the filing fees and other court costs under 28 U.S.C. § 1920," 430 F.3d at 431, but it argues that that language is *dictum* since the Court also found the city's tender insufficient because it did not include compensatory damages. The City's definition of *dictum* is overbroad, however, since it is well-settled that "where a decision rests on two or more grounds, none can be relegated to the category of *obiter dictum*." *Woods* v. *Interstate Realty Co.*, 337 U.S. 535, 537, 69 S. Ct. 1235, 1237, 93 L. Ed. 1524 (1949). Thus, since the court's discussion of court costs in *Gates* was an independent basis for its decision, its finding that a tender is insufficient unless it includes court costs is binding on this court.[2]

---

[2]That *Gates* is arguably in tension with cases such as *Lewis* v. *Continental Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990), and *Steel Co.* v. *Citizens for a Better Environment*, 523 U.S. 83, 107-08, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998), which hold that a claim for attorney's fees is insufficient to sustain an otherwise moot case or controversy, does not make it any less authoritative. If *Gates* was wrongly decided, it is for the Seventh Circuit to say so. Moreover, the Seventh Circuit cited *Lewis* and *Steel Co.* in *Gates* and thus was well aware of them when it held that a case is not mooted by a tender that does not satisfy the plaintiff's demand for court costs.

Finally, contrary to the City's argument, the district court's application of *Gates* on remand does not suggest that the Seventh Circuit's language regarding court costs was not a part of its holding. The

In light of the foregoing, the City's tender in this case was insufficient to moot Harrington's claims because it did not include court costs. As a consequence, even if this court erred when it found the City's tender insufficient because it did not include attorney's fees - an issue that, in light of *Gates*, again appears in doubt - its conclusion in the Final Judgment Order that Harrington's case remained live following the City's tender no longer appears incorrect and is unlikely to be overturned on appeal. As such, the case is not moot.

That said, the issue remains whether the case was correctly decided on the merits in light of both parties' urging additional authorities. The City contends that, accepting the pleaded facts as true, it is entitled to judgment as a matter of law. As discovery has long since closed and Harrington has not asserted any genuine issue of material fact, the case appears to be ripe for summary disposition. But because the parties have not yet adequately addressed a number of issues, the following discussion endeavors to frame the issues so the path to disposition may be quickly travelled.

The first issue is whether the Fourth Amendment's prohibition against unreasonable seizures was violated when an officer, having probable cause to issue a citation to Harrington's son for operating a vehicle without valid license, impounded Harrington's vehicle where there

---

district court in *Gates* merely found that plaintiff's state law restitution-based claims were mooted by the City's return of all of the money seized from the plaintiffs at the time of their arrest. *See Gates v. Towery*, 456 F. Supp. 2d 953, 960 (N.D. Ill. 2006). That finding was predicated on the fact that "'[u]nder Illinois law, restitution is accomplished by 'return or restoration of some specific thing to its rightful owner or status.'" *Id.* At issue in this case, in contrast, is whether Harrington's entire suit, which includes claims based not on restitution but on alleged violations of her constitutional rights, are mooted by the City's tender. On that question, the district court's opinion on remand in *Gates*, if anything, supports this court's interpretation of the Seventh Circuit's *Gates* opinion, as the district court in that case allowed the the plaintiffs' claims for damages for violations of due process and state law claims for conversion and replevin to proceed. *Id.* at 966.

4

was neither an investigative purpose nor a community caretaking function to be served by the seizure, although the seizure was *conceded* to be authorized by an ordinance of the city. Harrington has never argued that the impoundment was unlawful under the ordinance, but examination of the ordinance on which the City relies for its action raises the question whether this is true, and if not, whether it makes a significant difference in the court's analysis. Section 15.45.2 provides that a motor vehicle knowingly used in the commission of certain sex offenses (subsection (b)(5)(1))," and certain drug offenses (subsection (b)(5)(2)) "shall be subject to seizure and impoundment under this section." By contrast, subsections (b)(5)(3) - (b)(5)(6), prohibit the operation of a motor vehicle in violation of certain identified sections of state law but do not specifically authorize seizure and impoundment of a vehicle. The Illinois Criminal Code, 720 ILCS 5/36-1, however, does authorize seizure and impoundment for violations of subsections (b)(5)(3) and (b)(5)(4), and it is fair to assume the City intended to incorporate the seizure and impoundment provisions of state law within its ordinance. With regard to the separate offenses of operating a vehicle not covered by a liability insurance policy and operating a vehicle without a valid license or permit, neither the ordinance nor any provision of the Illinios Criminal Code or Illinois Vehicle Code authorizes seizure and impoundment unless the operator commits both offenses at the same time. *See* 625 ILCS 5/6-101(d) ("In addition to other penalties imposed under this Section, any person in violation of this Section *who is also in violation of Section 7-601 of this Code relating to mandatory insurance requirements* shall have his or her motor vehicle immediately impounded by the arresting law enforcement officer. The motor vehicle may be released to any licensed driver upon a showing of proof of insurance for the motor vehicle that was impounded and the notarized written consent for the release by the

5

vehicle owner.") (Emphasis added). The source of the authority to impound for operating a vehicle without a valid license, *vel non*, has not been revealed to this court. If the City has no statutory authority for its conduct, then the question must be addressed whether the case is distinguishable on any principled basis from *United States v. Duguay*, 93 F.3d 346 (7th Cir. 1996) (a city violated the Fourth Amendment when it impounded a vehicle upon arresting the occupants, where the purpose of seizing the vehicle was not investigative, the impoundment was not authorized by Illinois law, the city had no standardized policy indicating the limited circumstances under which a car may be impounded, and the defendant could have provided for prompt removal from the street.). In the event the City can show statutory authority for its conduct, the City must still explain why this court should not follow the Ninth Circuit's decision in *Miranda v. City of Cornelius*, 429 F.3d 858 (9th Cir. 2006), which held that a local ordinance that allowed an officer to tow a vehicle upon reasonable belief that the driver is operating it without a valid operator's license violated Fourth Amendment.[3]

---

[3]The City cites *Rush v. Superintendent of Police*, 1994 WL 114847 (N.D. Ill. Apr. 4, 1994), and *Towers v. City of Chicago*, 173 F.3d 619 (7th Cir. 1999), but neither lends substantial guidance. In *Rush*, the court principally rejected a due process (pre-deprivation hearing) challenge to an ordinance authorizing traffic officers to impound taxicabs being operated in violation of an ordinance imposing strict regulations on the operation of taxicabs not licensed by the City of Chicago. In a brief paragraph, the court also rejected a Fourth Amendment argument that the seizure of the taxicab was unreasonable. The court, noting that the Harrington had apparently conceded the point, briefly analogized from the rule that an officer may effect a warrantless arrest of a person if he has probable cause to believe the suspect committed or was committing a crime, and concluded that "a warrantless governmental seizure of property complies with the Fourth Amendment's requirements of reasonableness if the seizing officer has probable cause to believe that the property was being used in connection with illegal activity." 1994 WL 114847, at * 4 (citing *Carroll v. United States*, 267 U.S. 132, 155-56, 45 S. Ct. 280, 286 (1925)). To be sure, *Rush* is worth considering, but its persuasive value is limited because the facts surrounding the Fourth Amendment argument were not developed, it does not discuss *Duguay*, and it relies on *Carroll*, which treated seizure of a vehicle that contained contraband and is readily distinguishable from the facts presented here. Moreover, the challenge to the ordinance in *Rush* did not include the fact present here that an owner, apart from the operator of the vehicle, was able immediately to take the car off the street.

The second issue Harrington's complaint presents is whether the ordinance violates the due process clause of the Fourteenth Amendment, an issue that was not considered in this court's November 16, 2006 Memorandum Opinion and Order but arises in the case's present posture. Here again, however, the parties' presentations on this issue are inadequate.

If Harrington continues to assert her Fourteenth Amendment claim, she must submit a memorandum in support of her position explaining why she is entitled to judgment as a matter of law. See *330 West Hubbard Restaurant Corp.* v. *United States*, 203 F.3d 990 (7th Cir. 2000) ("[I]t is not the obligation of this court to research and construct the legal arguments open to the parties, especially when they are represented by counsel .... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority...."). At least, Harrington must (1) distinguish between her as-applied and facial challenges to the seizure ordinance; (2) identify with respect to each challenge the property interest at stake (the loss of one's money versus the loss of the use and enjoyment of one's vehicle) in light of the Court's opinion in *City of Los Angeles* v. *David*, 538 U.S. 715, 123 S. Ct. 1895, 155 L. Ed. 2d 946 (2003); and (3) discuss whether the court should apply the Supreme Court's *Barker* v. *Wingo*, 407 U.S. 514, 92 S. Ct. 2181, 33 L. Ed. 2d 101 (1972) speedy trial test or its *Mathews* v. *Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901, 47 L. Ed. 2d 18 (1976), balancing test to assess

---

In *Towers*, the Seventh Circuit affirmed the district court's dismissal of plaintiffs' claim that the impoundment of their cars pursuant to a seizure ordinance that required police officers to tow any vehicle containing illegal drugs or unregistered firearms was unconstitutional. As in *Rush*, the plaintiffs developed neither the facts nor argument supporting a Fourth Amendment challenge, but the court in a footnote reasoned that because it had rejected plaintiffs' suggestion that the ordinance was *per se* unreasonable (the substantive due process claim), any argument that a seizure based on violation of the ordinance failed where there was no allegation that the officers lacked probable cause when they seized the vehicles initially. 173 F.3d at 629 n.7. *Towers* is within the rule of *Duguay* that a seizure of a vehicle is lawful where the officer had probable cause to believe that the vehicle contained contraband.

7

what process Harrington was due both before and and after her vehicle was impounded. To the extent she contends that the court should apply the *Barker* test, Harrington should distinguish *David*, 538 U.S. 715, 123 S. Ct. 1895, and discuss *Stypmann* v. *City & Cty. of San Francisco*, 557 F.2d 1338, 1342 (9th Cir. 1977), and *Coleman* v. *Watt*, 40 F.3d 255 (8th Cir. 1994), which apply the *Mathews* test to analyze due process claims similar to those raised in this case; (4) discuss whether she has also alleged a claim for inadequate notice of a hearing to challenge the validity of the impoundment and if so, whether that claim entitles her to relief; and (5) discuss whether the fact that the ordinance requires an owner of a vehicle to post a bond *and* pay the towing and storage fees before obtaining release of their vehicle pending the post-deprivation hearing distinguishes this case from cases such as *Breath* v. *Cronvich*, 729 F.2d 1006 (5th Cir. 1984) and *Coleman* v. *Watt*, 40 F.3d 255 (8th Cir. 1994). If Harrington files such a memorandum, the City will be given an opportunity to respond. Any claim not appropriately explained in the memorandum will be deemed waived.

Finally, the parties are instructed to discuss before the next status hearing the possibility of settlement of this case.

## CONCLUSION

For the foregoing reasons, the City's renewed motion to vacate [# 84] is granted. The Final Judgment Order entered on December 4, 2006 is hereby vacated. The parties are directed to appear for status on June 26, 2007 at 9:30 a.m., at which time the parties shall advise the court of an agreed plan and schedule for the remainder of this litigation.

Dated: June 12, 2007

ENTER:

JOAN HUMPHREY LEFKOW
United States District Judge